Thomas Stavola, Jr., Esq.; NJ Bar ID number: 380012022
Law Office of Thomas Stavola Jr. LLC
209 County Road 537, Colts Neck, NJ 07722
E: tstavolajr@stavolalaw.com  P: 732-790-0639
*Counsel for Plaintiff – Frederick K. Short Jr. and Tamatha Costello*

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK K. SHORT JR., TAMATHA COSTELLO<br><br>Plaintiffs,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION, 100 River View Plaza, PO Box 500, Trenton, NJ 08625-0500; ANGELICA ALLEN-MCMILLAN, Commissioner - New Jersey Department Of Education, acting in her official capacity, 100 River View Plaza, PO Box 500, Trenton, NJ 08625-0500; CHERRY HILL BOARD OF EDUCATION, 45 Ranoldo Terrace, Cherry Hill, NJ 08034; CHERRY HILL SCHOOL DISTRICT, 45 Ranoldo Terrace, Cherry Hill, NJ 08034-0391; CRANFORD PUBLIC SCHOOL DISTRICT, 132 Thomas St., Cranford, NJ 07016; CRANFORD BOARD OF EDUCATION, 132 Thomas St., Cranford, NJ 07016<br><br>Defendant(s). | Case No. 3:23-cv-21105-RK-DEA<br><br>Judge Robert Kirsch and Magistrate Judge Douglas E. Arpert<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT CHERRY HILL BOARD OF EDUCATION'S JURY DEMAND**<br><br>**Motion Return Date: January 2, 2024** |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT CHERRY HILL BOARD OF EDUCATION'S JURY DEMAND

## TABLE OF CONTENTS

INTRODUCTION ..............................................................................................1

ARGUMENT .....................................................................................................2

I. DEFENDANT CHERRY HILL BOE'S JURY DEMAND IS LEGALLY INAPPROPRIATE, AS PLAINTIFF SHORT'S REQUEST FOR RELIEF IS EQUITABLE IN NATURE, OBVIATING THE RIGHT TO A JURY TRIAL ........2

II. CONCLUSION ............................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*American Cyanamid Co. v. Sterling Drug, Inc.*,
 649 F. Supp. 784, 786 (D. N.J. 1986) ...................................................................................3

*City of Monterey v. Del Monte Dunes,*
 526 U.S. 687 (1999) ...............................................................................................................3

*Granfinanciera v. Nordberg*,
 492 U.S. 33 (1989) .................................................................................................................2

*Rash v. Peoples Deposit Bank & Trust Co.*,
 192 F.2d 470 (6th Cir. 1951) ................................................................................................3

*Rexam Inc. v. USW*,
 2005 U.S. Dist. LEXIS 21214 (D. Minn. 2005) ........................................................4

*Syncsort Inc. v. Innovative Routines Int'l, Inc.*,
 2008 U.S. Dist. LEXIS 130101 (D. N.J. 2008) .......................................................3

*Township of Haddon v. Royal Ins. Co. of Am.*,
 929 F. Supp. 774 (D. N.J. 1996) ..........................................................................................3

*Tull v. United States*,
 481 U.S. 412, 422 (1987) ......................................................................................................2

**Rules**

Federal Rule of Civil Procedure 39(a)(2) ..................................................................................2

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT CHERRY HILL BOARD OF EDUCATION'S JURY DEMAND

## INTRODUCTION

Defendant Cherry Hill Board of Education (hereinafter, "Cherry Hill BOE") filed an Answer (ECF 16, November 27, 2023) in response to Plaintiffs' First Amended Complaint (filed on November 3, 2023). Cherry Hill BOE's Answer contained a demand for trial by jury upon all issues, a demand which Plaintiffs contend is legally inappropriate, as expounded *infra*. It is long established jurisprudence that the Seventh Amendment of the Constitution does not confer a right to jury trial on claims which are equitable in nature, such as injunctive relief. In ascertaining whether a right to trial by jury is available to a party, the most important task is characterizing the relief sought. Here, Plaintiff Short seeks to enjoin Cherry Hill Board of Education from continued implementation of Policy 5756. He further seeks to have the Policy stricken or certain verbiage altered, including that it provide for parental notification and consent. Such a request for relief is consistent with actions in equity, which do not seek monetary damages or otherwise necessitate substantial fact-finding, the primary raison d'etre of the jury. Here, Plaintiff Short's case against Cherry Hill BOE requests equitable relief. Therefore, pursuant to

1

Federal Rule of Civil Procedure 39(a)(2), Plaintiffs respectfully request that Cherry Hill BOE's jury demand be stricken as legally improper.

## ARGUMENT

### I. DEFENDANT CHERRY HILL BOE'S JURY DEMAND IS LEGALLY INAPPROPRIATE, AS PLAINTIFF SHORT'S REQUEST FOR RELIEF IS EQUITABLE IN NATURE, OBVIATING THE RIGHT TO A JURY TRIAL

The U.S. Supreme Court, in *Granfinanciera v. Nordberg*, 492 U.S. 33 (1989), enunciated a two-part test in ascertaining whether a right to jury trial exists, the second part of which is significantly more important.

> "To determine whether a party is entitled to a jury trial under U.S. Const. amend. VII, the court must first compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, the court must examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first." *Id.* at 42.

Given, here, Plaintiff Short's case involves constitutionality of Cherry Hill BOE's implemented policy under the 14th Amendment of the Constitution, the inquiry will completely devolve upon the second part of the *Granfinanciera* test. See also, *Tull v. United States*, 481 U.S. 412, 422 (1987) ("Characterizing the relief sought is more

2

important than finding a precisely analogous common-law cause of action in determining whether U.S. Const. amend. VII guarantees a jury trial.").

Past cases in the U.S. District Court for the District of New Jersey have accorded with the principle that no jury trial right is conferred in actions seeking equitable relief. "Courts have consistently held that suits merely seeking injunctive relief, not monetary damages, are equitable in nature and do not provide a right to jury trial." *Syncsort Inc. v. Innovative Routines Int'l, Inc.*, 2008 U.S. Dist. LEXIS 130101 (D. N.J. 2008). With respect to lawsuits seeking injunctive relief, "[i]t is settled law that the Seventh Amendment does not apply in these contexts." *City of Monterey v. Del Monte Dunes,* 526 U.S. 687 (1999) (referring, inter alia, to suits seeking only equitable relief).[1]

To the extent that a pleading document seeks injunctive relief, that relief is equitable in nature. *American Cyanamid Co. v. Sterling Drug, Inc.*, 649 F. Supp. 784, 786 (D. N.J. 1986) (noting it is uncontroverted that a jury trial right would not be conferred if the action were purely equitable). It is irrefragable that – here – Plaintiff

---

[1] "Conversely, where a party is seeking an injunction, restitution, or specific performance, the remedy is ordinarily equitable." *Township of Haddon v. Royal Ins. Co. of Am.*, 929 F. Supp. 774 (D. N.J. 1996) (citing *Rash v. Peoples Deposit Bank & Trust Co.*, 192 F.2d 470 (6th Cir. 1951) (holding that a plaintiff seeking specific performance of a contract did not confer a jury trial right because the remedy sought was equitable).

3

Short's action as to Cherry Hill Board of Education is purely equitable, namely, that Short requests only injunctive relief.

While Courts have held that suits involving mixed equitable and legal claims maintain a party's right to jury trial, the situation is disparate here with two defendants, as mixed legal and equitable claims are inapplicable to the case between Plaintiff Short and Cherry Hill BOE. Plaintiff Costello's action against Cranford Board of Education and School District seeks monetary relief on the basis of a different fact pattern in the context of Policy 5756. Conversely, Plaintiff Short's action against Cherry Hill BOE seeks solely injunctive relief by way of past and ongoing constitutional harm to his fundamental rights.

In *Rexam Inc. v. USW*, 2005 U.S. Dist. LEXIS 21214 (D. Minn. 2005), the Court therein dealt with the situation of two different requests for relief by two separate defendants. The plaintiff employer in that case sued two unions. The first union "requested damages to compensate affected retirees," which constitutes legal relief, and was "thus entitled to a jury trial on its LMRA claims." *Id.* The second union – while it asserted legal and equitable claims – only "sought equitable relief under the LMRA in the form of specific performance, and the lack of any claim for legal relief precluded a jury trial of the second union's legal claims." *Id.* The Court therein further expounded that because the issues in the second union's counterclaim were "equitable in nature and factually distinct from the issues" of the first union's

4

jury demand, the second union did not have right to a jury trial under the Seventh Amendment. *Id.* at 21.

Concordantly, here, not only is the case between Plaintiff Short and Cherry Hill BOE equitable in nature because Short seeks injunctive relief from the constitutionally impermissible Policy 5756, but his case is also factually distinct from the Plaintiff Costello-Cranford dispute. Plaintiff Costello demands monetary relief from Cranford School District for the reasons set forth in the Amended Complaint (i.e., without Costello's knowledge and consent, Cranford facilitated a gender identity change of her child which resulted in aggravation of, and decline in, that child's mental status, causing Costello to remove the child from Cranford public schools). While Plaintiff Costello's dispute involves Policy 5756 also at issue in the Plaintiff Short-Cherry Hill BOE dispute, the factual similarities begin and end there.

Therefore, because Plaintiff Short's request for relief as it pertains to Cherry Hill BOE is purely equitable in nature (injunctive), and moreover, his dispute is entirely factually distinct from Plaintiff's Costello's monetary relief demand from Cranford, Cherry Hill BOE does not possess the right to a trial by jury.

## II. CONCLUSION

For the aforesaid reasons - pursuant to Federal Rule of Civil Procedure 39(a)(2) - Plaintiffs respectfully request that Defendant Cherry Hill BOE's demand for trial by jury be stricken. Such a demand is legally inapposite given the relief requested by Plaintiff Short is equitable in nature, and the fact pattern of the Short-Cherry Hill BOE dispute is clearly distinct from the Costello-Cranford dispute.

Dated: December 8, 2023
Respectfully submitted,

*/s/ Thomas Stavola, Jr. Esq.*
Thomas Stavola, Jr., Esq.
NJ Bar ID number: 380012022
Law Office of Thomas Stavola, Jr., LLC
209 County Road 537
Colts Neck, NJ 07722
E: tstavolajr@stavolalaw.com
P: 732-790-0639
*Counsel for Plaintiff - Frederick K. Short Jr. and Tamatha Costello*