

21 Roszel Road, P.O. Box 5226
Princeton, NJ 08540-5226
main 609.924.0808
fax 609.452.1888

WRITER'S DIRECT DIAL: (609) 734-6310

May 21, 2024

Hon. Edward S. Kiel, U.S.D.J.
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

Re: Short, Jr. et al v. New Jersey Department of Education, et al
Case No. 1:23-cv-21105-ESK-EAP

Dear Judge Kiel:

I represent defendant, Cherry Hill Board of Education, in the above matter. Kindly accept this letter as Cherry Hill Board of Education's pre-motion request for leave to file a motion to dismiss the intervenor complaint filed by Intervenor, Edith Maldonado per F.R. Civ.P. 12(b)(1) and 12(b)(6). The deadline for the Cherry Hill Board's pre-answer motion is presently May 28, 2024.

**I.**

The Cherry Hill Board's proposed motion will largely track the pending motion dismiss by the State defendants. ECF No. 54. Specifically, the Board shall argue that there is an Article III defect in that Intervenor lacks standing to seek injunctive relief against the Board since she faces no on-going or imminent harm. See Nat'l Shooting Sports Foundation v. Att'y Gen. of N.J., 80 F.4th 215 (3d Cir. 2023). Maldonado does not allege facts suggesting that she or her children have been forced to make statements about gender that they disagree with. Nor does she allege that she or her children have been punished for failing to do so. She likewise fails to allege that there is any imminent likelihood that she or her children will be required to do so.

To seek relief, Maldonado "must 'show an injury in fact caused by the defendant and redressable by a court order.'" Nat'l Shooting Sports, supra at 218 (quoting United States v. Texas, 599 U.S. 670, 676 (2023)). A qualifying injury must be "concrete, particularized, and imminent rather than conjectural or hypothetical." Trump v. New York, 592 U.S. 125, 131 (2020).

Maldonado is not entitled to injunctive or declaratory relief because she does not and cannot plead an imminent injury. She contends that under the State's Guidance and the Cherry Hill Board's policy upon which it is based, she and/or her children will be required to "affirm Defendants' definition of gender." ECF No. 44, ¶47. However, nothing in the Guidance or Cherry Hill policy dictates what views parents or other students must hold or express on gender issues. She alleges no facts suggesting

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 2

that the Cherry Hill defendant will ever require her or her children to hold or express gender-related views contrary to their religion, let alone imminently.  Maldonado does not identify any particular statements that she or her children desire to express that the Guidance or policy will not allow.

Similarly, as the State defendants have pointed out, Maldonado cites no specific conduct in which she or her children wish to imminently engage in that is arguably forbidden by the Guidance or policy, nor conduct that would result in a "credible" and "substantial" threat of some governmental enforcement.  NSSF, supra at 219.  Mere expressions of worry or concern do no suffice as facing imminent harm.  See Parents Protecting Our Child v. Eau Claire Area Sch. Dist., 95 F.4th 501, 506 (7th Cir. 2024).

The language of the Guidance/policy requires "the school district" to honor, recognize and accept a student's asserted gender identity.  Since the subject matter is a board of education policy, Maldonado apparently claims that linguistically the policy must therefore mandate that students and their parents must likewise "affirm" and thus support a view of gender inconsistent with their beliefs.  Yet no where does Maldonado claim that the Cherry Hill Board has enforced or threatened to enforce intervenor or her children to adopt or express any such view.  Neither she nor her children have been compelled to "declare and affirm" a belief in gender that violates her religious convictions or her freedom of speech.  Her claim of harm is nothing more than rank speculation, no different that plaintiff Short.

## II.

The Cherry Hill Board also intends to argue that the intervenor complaint fails to state a claim upon which relief can be granted.  F.R.Civ.P. 12(b)(6).  As the State has argued, the Guidance/policy does not infringe upon Maldonado's rights.  The Guidance/policy in no way requires her to adopt or express any views on gender inconsistent with her personal or religious beliefs.  There is no basis for an Equal Protection claim as Maldonado has not pled sufficient facts demonstrating that she or her children received different treatment from others similarly situated.  She cites no specific instances of differential treatment.

Nor has Maldanado alleged specific facts to show that the Guidance/policy implicates let alone infringes upon her or her children's right to free speech.  The Guidance/policy does not target speech at all.  She has not even identified and alleged just what purported speech she or her children intend to engage in that would be subject to or prohibited by the Guidance/policy.  She claims no right to engage in speech that would constitute harassment, intimidation or bullying of transgender students and be prohibited. ECF No. 44, ¶60.  Maldanado thus fails to allege facts showing how the Guidance/policy impacts her or her children's speech.  Rather, she advances only conclusory allegations which are insufficient.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Maldanado's purported free exercise claim fares no better.  She again advances only insufficient conclusory allegations that the Guidance/policy "compels" and "coerces" to "affirm" a view of gender contrary to her religious beliefs, without any "opt out."  The Guidance/policy has not required Maldonado or her children to "affirm" anything at all by its mere adoption and existence.  Neither she nor her children have been compelled to act in any particular manner.

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 3

      For the reasons stated, defendant Cherry Hill Board of Education, respectfully requests leave to file a pre-answer motion to dismiss the complaint of the Intervenor, Edith Maldonado.

      Respectfully submitted,

      */s/ Jeffrey L. Shanaberger*

      Jeffrey L. Shanaberger

cc:    Karyn L. White, Esq.
       Matthew Lynch, DAG
       Thomas Stavola, Jr., Esq.
       Eric L. Harrison, Esq.