

**METHFESSEL & WERBEL**
A Professional Corporation

| | | |
|---|---|---|
| JOEL N. WERBEL> | Counsel | Associates, Cont'd |
| JOHN METHFESSEL, JR.> | ADAM M. CARMAN+^ | ALLISON M. KOENKE> |
| FREDRIC PAUL GALLIN*+^ | SHAJI M. EAPEN+ | ASHLEY E. MALANDRE^ |
| WILLIAM S. BLOOM>* | ANGELA M. GURRERA> | ANTHONY J. MANCUSO> |
| ERIC L. HARRISON*+ | GERALD KAPLAN> | CHRISTEN E. MCCULLOUGH^ |
| MATTHEW A. WERBEL> | JARED P. KINGSLEY*+ | KAJAL J. PATEL+ |
| LORI BROWN STERNBACK*+ | JOHN R. KNODEL*+ | ADAM M. SCHWARTZ+ |
| I. BLAKELEY JOHNSTONE, III+* | LESLIE A. KOCH= | SARAH E. SHEPP+ |
| GINA M. STANZIALE> | CHARLES T. MCCOOK, JR.*> | ALYCIA M. SWIFT+ |
| PAUL J. ENDLER JR.> | CHRISTINA MICHELSON+ | |
| JAMES P. CULLEN, JR.=^ | RICHARD A. NELKE~ | * Certified by the Supreme Court of |
| THOMAS O. MULVIHILL> | STEVEN K. PARNESS+ |    New Jersey as a Civil Trial Attorney |
| JAMES FOXEN^ | RAINA M. PITTS^ | +Member of NY & NJ Bar |
| SARAH K. DELAHANT+ | AMANDA J. SAWYER^ | ^Member of PA & NJ Bar |
| | JARED S. SCHURE> | ^Member of NY Bar only |
| Of Counsel | STEVEN A. UNTERBURGER+ | >Member of NJ Bar only |
| STEPHEN R. KATZMAN# | | #Member of NJ & LA. Bar |
| ED THORNTON> | Associates | <Member of NJ & DC Bar |
| MICHAEL TRIFIOLIS | JILLIAN T. CLARK> | <Member of NJ, NY & CA Bar |
| | EDWARD D. DEMBLING> | >Member of NJ, PA & DC Bar |
| Retired | MICHAEL R. EATROFF> | ~Member of NY, NJ & DC Bar |
| JOHN METHFESSEL, SR.> | FRANK J. KEENAN+^ | =Member of NY, NJ & MA Bar |
| (1935-2017) | SCOTT KETTERER> | |
| DON CROWLEY*+ | | **Please reply to New Jersey** |
| (1942-2024) | | |
| MARC DEMBLING*+ | | |
| (1944-2022) | | |

May 23, 2024

VIA ECOURTS FILING
The Honorable Edward S. Kiel, U.S.D.J.
United States District Court
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, NJ 08101

RE: **FREDERICK K. SHORT JR. AND TAMATHA COSTELLO VS. NEW JERSEY DEPARTMENT OF EDUCATION, ET AL.**
Our File No.    : 94305 ELH
Docket No.     : 1:23-CV-21105-ESK-EAP

Dear Judge Kiel:

This office represents the Cranford Board of Education and Cranford High School (hereinafter "Cranford"). In response to Your Honor's text order of May 15, 2024 the Court's Rules and Preferences, we hereby request permission to file a dispositive Motion to Dismiss the Complaint on the pleadings pursuant to Rule 12(C).

Our argument, previously asserted in our terminated Rule 12(B)(6) motion, is as follows:

Plaintiff's Amended Complaint must be dismissed for failure to state a claim and for lack standing (Rules 12(b)(6) and (b)(1). Furthermore, the Amended Complaint should be dismissed based on lack of Article III standing and failure to state a claim under the 14th Amendment.

Plaintiff Short's children attend school in the Cherry Hill Township Public School District and Plaintiff Costello's attend Cranford Public Schools. With respect to Plaintiff Costello's child, the Amended Complaint alleges "the school principal through the guidance counselor at Cranford Public, had confidential

Methfessel & Werbel, Esqs.
Our File No. 94305 ELH
Page 2

conversations with Plaintiff Costello's child about her/his gender identity." Further, the Amended Complaint alleges "the school assisted with the child's delusional, self-diagnosis (at age 12) of being born in the wrong body, essentially alluding to the fact that she/he was not good enough as God intended, affirmed the child's new identity and the praised the child for being brave and courageous." According to Plaintiff Costello, the school affirmed the child's change in gender identity without knowledge or consent of Plaintiff Costello. According to Plaintiff Costello, this affected the child's mental health. Therefore, Plaintiff Costello removed her child from Cranford Public Schools after 7th grade, and the child has attended another school for grades 8-10.

Pursuant to Rule 12(b)(6) and 12(b)(1), the Court should dismiss the Amended Complaint for failure to state a claim against the Cranford Board of Education and Cranford High School.  First, Count II, which alleges violation of the New Jersey Administrative Procedures Act, does not apply to the Cranford Defendants. Next, Plaintiff Costello's child was removed from Cranford Public Schools, and therefore has no standing to seek prospective relief. Substantively, the Amended fails to state a claim under the 14th Amendment, as the New Jersey Department of Education's Guidance document does not violate Plaintiffs' fundamental rights; nor does the U.S. Constitution mandate that a school communicate to a parent when his or her child declares a new gender identity.

We appreciate the Court's consideration of this request.

              Respectfully submitted,

              **METHFESSEL & WERBEL, ESQS.**

              Eric L. Harrison
              harrison@methwerb.com
              Ext. 138

ELH:as/tm

Methfessel & Werbel, Esqs.
Our File No. 94305 ELH
Page 3

cc: VIA EMAIL: tstavolajr@stavolalaw.com
Thomas Stavola Jr., Esq.
Law Office of Thomas Stavola, Jr. LLC
209 County Road 537
Colts Neck, NJ 07722

VIA EMAIL: jshanaberger@hillwallack.com
Jeffrey Shanaberger Esq.
21 Roszel Road P.O. Box 5226
Princeton, NJ 08543-5226
Cherry Hill Board of Education

VIA EMAIL: matthew.lynch@dol.lps.state.nj.us
Matthew Jon Lynch, Assistant Chief, Deputy Attorney General
State of New Jersey
Office of the Attorney General
25 Market Street
Trenton, NJ 08611
New Jersey Department of Education and Acting Commissioner Angelica Allen-McMillan