

Law Office of Thomas Stavola, Jr., LLC
209 County Road 537, Colts Neck, NJ 07722
P: 732-790-0639  E: tstavolajr@stavolalaw.com

May 23, 2024

<u>**VIA ECOURTS FILING**</u>

The Honorable Edward S. Kiel, U.S.D.J.
United States District Court
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, NJ 08101

      **Re: *Frederick K. Short, Jr., et al. v. N.J. Dept. of Educ., et al.***
      **Docket No. 1:23-CV-21105-ESK-EAP**

Dear Judge Kiel:

Plaintiffs hereby submit this letter in response to Cranford Defendants' ("Cranford") letter dated May 23, 2024. Pursuant to Your Honor's judicial preferences, this letter responds to Cranford's letter indicating their intent to file a Motion for Judgement on the Pleadings pursuant to F.R.C.P. 12(c). This letter shall not be construed as setting forth all of Plaintiffs' possible arguments or counterarguments.

As already fully adumbrated in Plaintiffs' Opposition to State Defendants' Motion to Dismiss, ECF 46, Plaintiff Costello satisfies Article III standing requirements for past damages and retrospective declaratory relief. Notwithstanding Plaintiff Costello's removal of her child from Cranford Schools and placement into other educational settings, Costello's requested damages eventuated from the actions of Cranford School and their concomitant violation of her 14th amendment fundamental right to direct the medical decisions and care of her child.

The U.S. Supreme Court in *Adar and Constructors v. Pena*, 515 U.S. 200, 210 (1995) underscores that "the fact of past injury presumably affords the plaintiff standing to claim damages," and as such, Costello attains standing by virtue of damages incurred which resulted from Cranford's conduct. Moreover, and additionally, numerous courts have held that retrospective declaratory relief can be afforded in certain contexts.  "[P]laintiffs have standing to seek retrospective declaratory relief because it would remedy a past harm." *Medina v. Allen*, 2023 U.S. Dist. LEXIS 58623 (D. Utah Mar. 31, 2023). Damages that are intertwined with constitutional infringements



Law Office of Thomas Stavola, Jr., LLC
209 County Road 537, Colts Neck, NJ 07722
P: 732-790-0639  E: tstavolajr@stavolalaw.com

can warrant retrospective declaratory judgements. Such damage awards can be related to or predicated upon judicial determination that constitutional rights were contravened. "When a claim for injunctive relief is barred but a claim for damages remains, a declaratory judgment as a predicate to a damages award can survive." *Crue v. Aiken*, 370 F.3d 668 (7th Cir. 2004).

Cranford endeavors to procure a dismissal of Plaintiffs' case on "failure to state a claim" grounds as well (F.R.C.P. 12(b)(6)). As expounded upon in ECF 46, Plaintiffs' have properly characterized their injuries as violations of their 14th amendment fundamental due process rights to direct the medical decisions, care, and custody of their children. The jurisprudence on this subject is ostensible: strict scrutiny review is the apposite standard of review when rights of parental care, custody, control (including directing children's medical decisions) are invoked. "The Supreme Court has called parents' 'care, custody, and control of their children . . . perhaps the oldest of the fundamental liberty interests recognized by this Court.'" *Siefert v. Hamilton Cnty*., 951 F.3d 753, 762 (6th Cir. 2020) (citing *Troxel v. Granville*, 530 U.S. 57, 65 (2000). And as discussed in *Leta v. Hamilton County Dep't of Job & Family Servs*., 668 F. Supp. 3d 724 (S.D. Ohio 2023), "this includes a fundamental due process right 'to direct the medical care of their children'" (quoting *Kanuszewski v. Mich. Dep't of Health & Hum. Servs*., 927 F.3d 396, 415, 419 (6th Cir. 2019). Cranford violated Costello's fundamental right to direct her child's medical decisions through the imposition of Policy 5756 and their facilitation of her child's gender identity change without Costello's involvement. Her damages flowed therefrom.

Respectfully submitted,

*/s/ Thomas Stavola Jr., Esq.*

Thomas Stavola Jr. Esq., NJ Bar No. 380012022
 *Counsel for Plaintiffs*
Law Office of Thomas Stavola, Jr., LLC
209 County Road 537
Colts Neck, NJ 07722
Phone: 732-790-0639
tstavolajr@stavolalaw.com

2