

PJI

**ALBANY**
**NEW YORK**

**ATLANTIC CITY**
**NEW JERSEY**

**BALTIMORE**
**MARYLAND**

**BILOXI**
**MISSISSIPPI**

**BOSTON**
**MASSACHUSETTS**

**CHICAGO**
**ILLINOIS**

**CINCINNATI**
**OHIO**

**COEUR D'ALENE**
**IDAHO**

**COLUMBUS**
**OHIO**

**DENVER**
**COLORADO**

**DETROIT**
**MICHIGAN**

**GALVESTON**
**TEXAS**

**HONOLULU**
**HAWAII**

**HOUSTON**
**TEXAS**

**IOWA CITY**
**IOWA**

**LAKE CHARLES**
**LOUISIANA**

**MIAMI**
**FLORIDA**

**MILWAUKEE**
**WISCONSIN**

**NASHVILLE**
**TENNESSEE**

**NEW YORK**
**NEW YORK**

**PHILADELPHIA**
**PENNSYLVANIA**

**RENO**
**NEVADA**

**SACRAMENTO**
**CALIFORNIA**

**SALEM**
**OREGON**

**SAN FRANCISCO**
**CALIFORNIA**

**SANTA ANA**
**CALIFORNIA**

**SEATTLE**
**WASHINGTON**

May 29, 2024

**Via ECF**
Honorable Edward S. Kiel, U.S.D.J.
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Sts.
Camden, NJ 08101

RE:     SHORT JR et al. v. NEW JERSEY DEPARTMENT OF EDUCATION, et al.
        Case No. 1:23-cv-21105-ESK-EAP

Dear Judge Kiel:

        In accordance with the Court's text order of May 9, 2024, kindly accept this correspondence as Intervenor/Plaintiff's opposition to severance in this matter.

Federal Rule of Civil Procedure 21  provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

        A district court has broad discretion in deciding whether to sever a party pursuant to Rule 21.  *Boyer v. Johnson Matthey, Inc*., No. 02-8382, 2004 U.S. Dist. LEXIS 9802, 2004 WL 835082, at *1 (E.D. Pa. Apr.16, 2004).

        Joinder of defendants is governed by Federal Rule of Civil Procedure 20(a)(2).  That provision provides that joinder of defendants is only proper where:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

*Id*. As a general matter, joinder of related claims and parties is encouraged. *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009). Nonetheless, joinder is only proper where both elements of Rule 20(a) are met. *Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010). Determining whether claims arise from the same "transaction or occurrence" is flexible, and courts generally apply a "case-by-case approach" in making that assessment. *Miller v. Hygrade Food Prods. Corp*., 202 F.R.D. 142, 144 (E.D. Pa. 2001). ***The "law or fact" element only requires that the claims against the parties share one common question of law or fact, which is a "very low threshold.***" *Id*. at 145

(citation omitted) {Emphasis added.}.  See also, *Archway Ins. Servs, LLC v. Harris*, 2011 U.S. Dist. LEXIS 64455 (E.D. Pa. 2011)

Considering the relatively permissive standard for joinder embodied in Rule 20, this Court should not sever Plaintiff's cases.  Herein, each Plaintiff essentially alleges that the Transgender Guidance, either as directed by Defendant State DOE or as adopted by Defendant school districts, is unconstitutional.  There are clearly common questions of law between the claims, and there is a significant factual overlap.

Rule 21  "may also be invoked to prevent prejudice or promote judicial efficiency." *Turner Constr. Co., Inc. v. Brian Trematore Plumbing & Heating, Inc.*, No. 07-00666, 2009 U.S. Dist. LEXIS 92309, 2009 WL 3233533, at *3 (D.N.J. Oct. 5, 2009).  However, severing claims under Rule 21 is only appropriate "where the claims to be severed are 'discrete and separate' in that one claim is 'capable of resolution despite the outcome of the other claim." *Turner Constr.*, 2009 U.S. Dist. LEXIS 92309, 2009 WL 3233533, at *3 (citing *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006)).  Herein, Plaintiffs' claims of unconstitutionality of the Transgendered Guidance/Policy are not 'discrete and separate' – one claim is not 'capable of resolution despite the outcome of the other claims.'  Either the Defendants' Guidance/Policy violates the Constitution, or it does not.  Separating these matters will not change that common question of law.

Finally, the Third Circuit Court of Appeals has not established specific parameters for deciding a motion to sever claims. *McFarland, LP v. Harford Mut. Ins. Cos.*, 2019 U.S. Dist. LEXIS 124038 (M.D. Pa).  District courts often consider (1) whether the issues sought to be severed are significantly different from one another and would require distinct evidentiary proof; (2) whether severance would promote judicial economy; and (3) whether either party will be unduly prejudiced by severance or its absence. See Official Comm. of *Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000) (citation omitted).

Intervenor/Plaintiff respectfully asserts that the rationale for severance – that the two actions do not involve the same questions of fact or law – is weak in this case. While it is true that the facts underlying the resulting harm to or damages suffered by each Plaintiff are different, it is undisputed that factual discovery for all Plaintiffs has significant overlap, and the legal issue will require similar defenses.  Should the matters be separated, the Defendants will likely use the same witnesses to testify.  Some version of the same set of facts will necessarily be placed before the trier of fact, whether in joint or severed proceedings.  As stated, the damages may differ, but the facts surrounding all Plaintiff's assertions of liability for unconstitutional actions are strikingly similar.  Any assertion that severance will not prejudice Plaintiffs is conclusory and insufficient and, accordingly, should not weigh in favor of severance.  It follows that keeping the plaintiffs together would better serve the factors of judicial economy and expediency in assessing severance under Rule 21.

Next, Intervenor/Plaintiff respectfully asserts that it is improper for this Court to consider severance while a motion to dismiss is pending.  See *Estate of Grieco by Greco v. Nat'l Med. Consultants, P.C.,* No. 16-cv-01959, 2021 U.S. Dist. LEXIS 66001 at *5 (D.N.J. April 5, 2021) (holding that where a motion to dismiss a third-party complaint was not resolved on the merits,

the pleadings in that action have not been settled and therefore it was premature to evaluate severance or bifurcation of the third-party action).

Next, Intervenor/Plaintiff respectfully asserts that in its text Order, the Court cited Plaintiff's counsel's brief in support of Plaintiff's Motion to Strike Defendant Cherry Hill BOE's Jury Demand wherein Plaintiff's counsel wrote,

> . . .[T]he issues attendant [in] the [] Short-Cherry Hill dispute are factually distinct from the [] Costello-Cranford dispute.  There are no trialable factual issues present in the [] Short-Cherry Hill dispute.

Said statement was made to support the argument that the two Plaintiffs are seeking different *relief* and <u>not</u> to assert that the matters are misjoined.  Viewing the entirety of the statement, it began with the phrase,

> Cherry Hill Board of Education does not possess a right to a trial by jury, *<u>as the relief sought against [Cherry Hill BOE] is equitable in nature</u>*. . ." {Emphasis added.}

It is Intervenor/Plaintiff's understanding that Plaintiff was referring exclusively to the lack of comparison or similarity in the *<u>relief that each Plaintiff is seeking</u>*.  While it may have been an inartful use of the words "factually distinct," Intervenor/Plaintiff respectfully asserts that a review of the entirety of Plaintiff's brief in support of its Motion to Strike the State's Request for a Jury Trial, makes it clear that Plaintiffs' disputes are properly enjoined based upon a common legal challenge to the constitutionality of the transgender policy, taken verbatim from the NJDOE guidance. Each Plaintiff indisputably asserts common constitutional injuries – this despite the fact that each seeks different relief from those injuries.

In conclusion, severance would <u>not</u> promote settlement or avoid prejudice or jury confusion.  It would not promote judicial economy and would cause inconvenience to parties and witnesses.  The similar legal claims against Defendants may have resulted in differing injuries to Plaintiffs; however, the factual circumstances of each Plaintiff will not significantly differ from one another and will not require independent inquiries to evaluate their claims properly. Addressing the same in the same case would not confuse the jury or hinder discovery but would promote judicial efficiency.

For all of the above reasons, this Court should not sever Plaintiff's cases.

Respectfully submitted,

s/Karyn L. White
Karyn L. White, Esq.
Pacific Justice Institute
Pennsylvania/New Jersey Office
P.O. Box 276600

Sacramento, CA 95827
tel. (609) 335 4833
Bar #289922019
kwhite@pji.org
Attorney for Movant-Intervenor

cc:      All counsel via ECF