

Law Office of Thomas Stavola, Jr., LLC
209 County Road 537, Colts Neck, NJ 07722
P: 732-790-0639  E: tstavolajr@stavolalaw.com

July 7, 2024

**VIA ECOURTS FILING**

The Honorable Edward S. Kiel, U.S.D.J.
United States District Court
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, NJ 08101

            **Re: *Frederick K. Short, Jr., et al. v. N.J. Dept. of Educ., et al.*
               Docket No. 1:23-CV-21105-ESK-EAP**

Dear Judge Kiel:

Plaintiffs submit this letter to provide important further clarification and elucidation regarding an inquiry posed by Your Honor at the recent June 17, 2024 Motion Hearing, specifically, regarding student privacy rights. It should be noted, while various courts have established that students possess privacy rights in certain contexts, it is not settled law that students maintain a right to privacy (in relation to their parents) regarding sexual orientation or gender identity.[1] For example, a Fifth Circuit Court found that [this Circuit] "*has never held that a person has a constitutionally-protected privacy interest in her sexual orientation, and it certainly has never suggested that such a privacy interest precludes school authorities from discussing with parents matters that relate to the interests of their children.*"[2] And the Third Circuit notes, "*The United States Court of Appeals for the Third Circuit has recognized, in the public school setting, the primacy of parental rights in the upbringing of their children. It is not educators, but parents who have primary rights in the upbringing of children. School officials have only a secondary responsibility*

---

[1] It is important to distinguish two cases. Anspach v. City of Phila., Dep't of Pub. Health, 503 F.3d 256 (3d Cir. 2007) found a student right to privacy but in the context of *obtaining contraceptives*. Sterling v. Borough of Minersville, 232 F.3d 190 (3d Cir. 2000) found that an 18-year-old had a right to non-disclosure of his sexual orientation, but this case involved a non-minor, and in a non-school context (18-year-old and partner arrested due to suspicion of underage drinking).
[2] Wyatt v. Fletcher, 718 F.3d 496 (5th Cir. 2013)



Law Office of Thomas Stavola, Jr., LLC
209 County Road 537, Colts Neck, NJ 07722
P: 732-790-0639  E: tstavolajr@stavolalaw.com

*and must respect those rights."*[3] See also, a California case addressing an issue related to sexual orientation and privacy rights.[4] And even if one were to operate under the presumption that student privacy rights do exist in the gender identity context in relation to parents, when collisions between school policy and parental authority occur, *"the primacy of the parents' authority must be recognized and should yield only where the school's action is tied to a compelling interest"* – which here, no such interest exists to obstruct parental involvement in an immanently medical matter.

Respectfully submitted,

*/s/ Thomas Stavola Jr., Esq.*

Thomas Stavola Jr. Esq.
 *Counsel for Plaintiffs*

---

[3] Tatel v. Mt. Lebanon Sch. Dist., 637 F. Supp. 3d 295, 316 (W.D. Pa. 2022)
[4] In the context of inappropriate displays of public affection between two girls, Nguon v. Wolf, 517 F. Supp. 2d 1177 (C.D. Cal. 2007) held, "Because defendant principal had a legitimate governmental purpose in describing the context of the suspension, there was no violation of the student's First Amendment or California Constitution privacy rights when he disclosed to the mother the student had been kissing another girl."