**HILL WALLACK LLP**
Jeffrey L. Shanaberger, Esq. – #020931983
21 Roszel Road
P.O. Box 5226
Princeton, New Jersey 08543
(609) 924-0808
Attorneys for Defendants, Cherry Hill Board of Education and Cherry Hill School District

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FREDERICK K. SHORT, JR., TAMATHA COSTELLO,<br><br>Plaintiffs,<br>vs.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION, 100 River View Plaza, PO Box 500, Trenton, NJ 08625-0500; ANGELICA ALLEN-MCMILLAN, Commissioner – New Jersey Department of Education, acting in her official capacity, 100 River View Plaza, PO Box 500, Trenton, NJ 08625-0500; CHERRY HILL BOARD OF EDUCATION, 45 Ranoldo Terrace, Cherry Hill, NJ 08034; CHERRY HILL SCHOOL DISTRICT, 45 Ranoldo Terrace, Cherry Hill, NJ 08034-0391; CRANFORD PUBLIC SCHOOL DISTRICT, 132 Thomas St., Cranford, NJ 07016; CRANFORD BOARD OF EDUCATION, 132 Thomas St., Cranford, NJ 07016,<br><br>Defendants. | Civil Action. No. 3:23-cv-21105-RK-DEA<br><br>**Document electronically filed**<br><br>**BRIEF OF CHERRY HILL BOARD OF EDUCATION IN SUPPORT OF MOTION TO DISMISS THE INTERVENOR COMPLAINT** |

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................1

STANDARD OF REVIEW ....................................................................................4

LEGAL ARGUMENT ..........................................................................................6

THE INTERVENOR COMPLAINT SHOULD BE DISMISSED AS THE INTERVENOR EDITH MALDONADO BOTH LACKS STANDING TO MAINTAIN THIS SUIT AGAINST THE CHERRY HILL BOARD OF EDUCATION AND OTHERWISE FAILS TO STATE A CLAIM .....................6

A. Lack of Standing ..........................................................................................6

B. Failure to State a Claim ..............................................................................10

CONCLUSION ....................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ....................5
Bell Atl. Corp. v. Twombly,
550 U.S. 544, S. Ct. 1955, 167 L.Ed.2d 929 (2007) .................... 4, 5, 12
FDA v. Alliance for Hippocratic Medicine,
___ U.S. ___ (June 13, 2024) .................... 7, 10, 11
Finkelman v. Nat'l Football League,
810 F.3d 187 (3d Cir. 2016) ....................4, 6
In re Schering Plough Corp. Intron/Temodor Consumer Class Action,
678 F.3d 235 (3d Cir. 2012) ....................4
Nat'l Shooting Sports Foundation v. Att'y Gen. of N.J.,
80 F.4th 215 (3d Cir. 2023) ....................8, 9
Parents Protecting Our Child v. Eau Claire Area Sch. Dist.,
95 F.4th 501 (7th Cir. 2024) ....................9
Range v. Atty Gen. U.S.,
53 F.4th 262 (3d Cir. 2022) ....................4
Susan B. Anthony List v. Driehaus,
573 U.S. 149 (2014) ....................7
TransUnion LLC v. Ramirez,
594 U.S. 413 (2021) ....................7
Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464 (1982) ....................11

**Rules**

Rule 12(b)(1) ....................4, 10
Rule 12(b)(6) ....................4

# INTRODUCTION

The primary plaintiff, Frederick K. Short, Jr., filed this action on October 12, 2023 seeking to enjoin, invalidate or alter a duly adopted policy of the defendant, Cherry Hill Board of Education, Policy 5756, addressing transgender students. ECF No. 1 The gravamen of Short's complaint is the lack of parental notification and consent to a student's expressed desire to be recognized and treated in accordance with the gender the student identifies with. Short merely alleges to have three children in the Cherry Hill School District. He notably does not allege that any of his children have been subjected to the procedures and protocol of Policy 5756. Indeed, Short does not allege that any of his children are or are contemplating being transgender or even struggling with issues of transgender identity. The complaint was later amended on November 3, 2023 to add a second plaintiff, Tamatha Costello and a new defendant, the Cranford Board of Education seeking to invalidate, enjoin or alter its policy which was also modeled after the State's Guidance.

Short alleges that Policy 5756 violates his substantive due process right under the Fourteenth Amendment to direct the care, upbringing and healthcare/medical decisions of his children. The State defendants have filed a motion to dismiss the amended complaint due to Short's lack of standing and failure to state a claim as the mere fact that Short has children in the Cherry Hill

school district does not establish an injury in fact that is so concrete, particularized, and actual or imminent.[1] ECF No. 45. The Court has reserved decision upon that motion.

On January 24, 2024, the proposed intervenor, Edith Moldonado, filed a motion to intervene, claiming the right to intervene by right and/or permissively by leave of court. Like Short, Maldonado claims only to have children attending school in the Cherry Hill School District. She does not allege that either of her children has sought any discussion with school personnel regarding gender-identity or gender-transition issues. Moldonado does not identify any information disclosed by her children to school personnel that is being in fact withheld from her. She does not allege that either of her children are even considering gender transition or are even at a heightened risk of doing so. Instead, Moldonado proposes to advance distinct legal theories to challenge the Cherry Hill policy, theories based upon equal protection and purported First Amendment violations of the rights of free speech, freedom of religion and an alleged "failure to accommodate." However, like Short, the Cherry Hill defendants submit that Moldonado lacks standing to advance these theories as she has not sustained any injury sufficiently concrete, particularized, actual or imminent.

[1] The State defendants' motion was argued before the District Court on June 17, 2024.

The State defendants filed a pre-answer motion to dismiss the intervenor complaint on April 8, 2024. ECF No. 54. The intervenor opposed the motion, ECF No. 56, and the State defendants replied. ECF No. 68. The motion to dismiss was argued on June 17, 2024 and the Court has likewise reserved decision. Also on June 17, 2024, the District Court granted the Cherry Hill defendants leave to file a motion to dismiss the intervenor complaint. ECF No. 74.

In support of its instant motion to dismiss, the Cherry Hill defendants shall principally rely upon the motion to dismiss by the State defendants. ECF No. 54. Cherry Hill contends that Maldonado lacks Article III standing to seek injunctive relief against it since she faces no on-going or imminent harm. Maldonado also does not allege facts suggesting that she or her children in the Cherry Hill School District have been forced to make statements about gender that they disagree with. Nor does she allege that either she or her children have been punished for failing to do so. She likewise fails to allege that there is any imminent likelihood that she or her children will be required to do so.

For these reasons and those which follow, the Cherry Hill defendants respectfully submit that the intervenor complaint should be dismissed for lack of standing and its failure to state a claim.

## STANDARD OF REVIEW

A plaintiff's lack of standing is a jurisdictional issue. As such, intervenor plaintiff Maldonado bears the burden of establishing standing to litigate this claim. Range v. Atty Gen. U.S., 53 F.4th 262 (3d Cir. 2022). When considering a challenge to a plaintiff's Article III standing, the district court should evaluate and assess standing based upon the facts alleged in the intervenor complaint, and "apply the same standard of review [courts] use when assessing a [Rule 12(b)(6)] motion." Finkelman v. Nat'l Football League, 810 F.3d 187, 194 (3d Cir. 2016); In re Schering Plough Corp. Intron/Temodor Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).

In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court stated, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions[.]" Id. at 555 (internal citations omitted). The Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), emphasized that when assessing the sufficiency of a civil complaint, the Court must distinguish between factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft, 556 U.S. at 678. Thus, in the Rule 12(b)(1) context, the Third Circuit has explained:

> We have described this inquiry as a three-step process. First, we "tak [e] note of the elements a plaintiff must plead to state a claim"—here, the three elements of Article III standing. Second, we eliminate from consideration any allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "where there are well-pleaded factual allegations, [we] assume their veracity and then determine whether they plausibly" establish the prerequisites of standing. In conducting this analysis, we are mindful of the Supreme Court's teaching that all aspects of a complaint must rest on "well-pleaded factual allegations" and not "mere conclusory statements." Thus, to survive a motion to dismiss for lack of standing, a plaintiff "must allege facts that affirmatively and plausibly suggests that it has standing to sue.

Finkelman, supra at 194. This analysis readily demonstrates that Maldonado lacks standing to maintain this action.

# LEGAL ARGUMENT

**THE INTERVENOR COMPLAINT SHOULD BE DISMISSED AS THE INTERVENOR EDITH MALDONADO BOTH LACKS STANDING TO MAINTAIN THIS SUIT AGAINST THE CHERRY HILL BOARD OF EDUCATION AND OTHERWISE FAILS TO STATE A CLAIM**

The Cherry Hill defendants hereby incorporate by reference Point I, Subsection A and B; and Point II, Subsection A and B of the State defendants' motion to dismiss the intervenor complaint. ECF No. 54-1.

**A. Lack of Standing**

In order to establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is so concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021). FDA v. Alliance for Hippocratic Medicine, ___ U.S. ___ (June 13, 2024). The injury in fact prong requires a current injury, a certainly impending injury or a substantial risk of future injury. Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014). Nat'l Shooting Sports Foundation v. Att'y Gen. of N.J., 80 F.4th 215 (3d Cir. 2023).

Like Short's amended complaint, Maldonado has but one, single fact regarding her purported standing to challenge Policy 5756. That is, Maldonado avers merely that she has children which attend school in the Cherry Hill School District. Tellingly is what Maldonado does not allege. She does not allege that

4895-4030-9455, v. 1

any of her children are transgender or are even contemplating gender transition. She does not allege any of her children are struggling with issues of gender identity. She does not allege that she even suspects that any of her children might be considering gender transition or have an elevated risk of doing so. She does not allege that any of her children have sought to communicate with anyone within the Cherry Hill School District regarding gender identity. Notably, Maldonado does not allege that the school district has or is withholding any information from her pursuant to Policy 5756. Maldonado does contend that she is and will continue to be harmed by the Cherry Hill policy as she and her children are "forced to participate" in the policy. However, this is a hollow conclusionary allegation without a factual basis.

Maldonado is not entitled to injunctive or declaratory relief because she does not and cannot plead an imminent injury. She contends that under the State's Guidance and the Cherry Hill policy which is based upon it, she and/or her children will be required to "affirm Defendants' definition of gender." See ECF No. 44, ¶47. However, nothing in the Guidance or Cherry Hill policy dictates what views parents or other students must hold or express on gender issues. She alleges no facts suggesting that the Cherry Hill defendants will ever require her or her children to hold or express gender-related views contrary to their religion, let alone

imminently. Maldonado does not identify any particular statements that she or her children desire to express that the Guidance or policy will not allow.

Similarly, as the State defendants have pointed out, Maldonado cites no specific conduct in which she or her children wish to imminently engage in that is arguably forbidden by the Guidance or policy, nor conduct that would result in a "credible" and "substantial" threat of some governmental enforcement. NSSF, supra at 219. Mere expressions of worry or concern do not suffice as facing imminent harm. See Parents Protecting Our Child v. Eau Claire Area Sch. Dist., 95 F.4th 501, 506 (7th Cir. 2024). The language of the Guidance/policy requires "the school district" to honor, recognize and accept a student's asserted gender identity. Since the subject matter is a board of education policy, Maldonado apparently claims that linguistically the policy must therefore mandate that students and their parents residing in the District must likewise "affirm" and thus support a view of gender inconsistent with their beliefs. Yet nowhere does Maldonado claim that the Cherry Hill Board has enforced or threatened to enforce intervenor or her children to adopt or express any such view. Neither she nor her children have been compelled to "declare and affirm" a belief in gender that violates her religious convictions or her freedom of speech. At its core, the Guidance/policy simply advances a policy of tolerance, not indoctrination. That is

not actionable. In the final analysis, Maldonado's claim of harm is nothing more than rank speculation, no different than plaintiff Short.

Most recently, the Supreme Court spoke on the issue of standing in FDA, supra. Both pro-life medical associations and several individual physicians sought a preliminary injunction to force the FDA to rescind its approval of the abortion drug mifepristone. The Court found that the associations and physicians lacked Article III standing to challenge the FDA's regulation of mifepristone. Speaking for a unanimous Court, Justice Kavanaugh made several pertinent observations including the principle that the "federal courts [do not] operate as an open forum for citizens 'to press general complaints about the way in which government goes about its business.'" Slip op at 6. Discussing the "injury in fact" requirement, the Court explained that a "concrete" and "particularized" injury draws a distinction between an injury that affects "plaintiff in a personal and individual way" and "not be a generalized grievance." Id. at 8. Ultimately, the Court concluded, "Article III standing screens out plaintiffs who might have only a general, legal, moral, ideological, or policy objection to a particular governmental action." Id. at 9. See also Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 473 (1982).

Cherry Hill respectfully submits that the complaint of intervenor Maldonado is, in the final analysis, the representation of a generalized, moral, ideological and

policy objection, the policy being the Guidance and Cherry Hill Policy 5756. As such, Maldanado lacks a concrete and particularized injury in fact and thus lacks Article III standing. The intervenor complaint should therefore be dismissed pursuant to F.R.Civ.P. 12(b)(1).

**B. Failure to State a Claim**

As noted, supra, the Cherry Hill defendants incorporate by reference Point II, Subsections A and B of the State defendants' motion to dismiss. As the State has argued, the Guidance/policy does not infringe upon Maldonado's rights. The Guidance/policy in no way requires her to adopt or express any views on gender inconsistent with her personal or religious beliefs. There is no basis for an Equal Protection claim as Maldonado has not pled sufficient facts demonstrating that she or her children received different treatment from others similarly situated. She cites no specific instances of differential treatment.

Nor has Maldanado alleged specific facts to show that the Guidance/policy implicates let alone infringes upon her or her children's right to free speech. The Guidance/policy does not target speech at all. She has not even identified and alleged just what purported speech she or her children intend to engage in that would be subject to or prohibited by the Guidance/policy. She claims no right to engage in speech that would constitute harassment, intimidation or bullying of transgender students and be prohibited. ECF No. 44, ¶60. Maldanado thus fails to

allege facts showing how the Guidance/policy impacts her or her children's speech. Rather, she advances only conclusory allegations which are insufficient. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Maldanado's purported free exercise claim fares no better. She again advances only insufficient conclusory allegations that the Guidance/policy "compels" and "coerces" to "affirm" a view of gender contrary to her religious beliefs, without any "opt out." However, as noted, the Guidance/policy in its essence calls for simple tolerance by members of the school community, not some sort of indoctrination. The Guidance/policy has not required Maldonado or her children to "affirm" anything at all by its mere adoption and existence. Neither she nor her children have been compelled to act in any particular manner.

In sum, the Guidance/policy does not infringe Maldonado's or her children's religious or expression rights at all. As such, the intervenor complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed.

**CONCLUSION**

For the reasons stated, defendant Cherry Hill Board of Education respectfully submits that intervenor plaintiff Edith Maldonado lacks standing to maintain this suit against the Cherry Hill Board of Education and her complaint should therefore be dismissed. What is more, the intervenor complaint on its merits fails to state a claim upon which relief can be granted and should therefore be dismissed on that ground as well.

Respectfully submitted,

*/s/ Jeffrey L. Shanaberger*

Jeffrey L. Shanaberger

Dated: July 8, 2024