Thomas Stavola, Jr., Esq.; NJ Bar ID number: 380012022
Law Office of Thomas Stavola Jr. LLC
209 County Road 537, Colts Neck, NJ 07722
E: tstavolajr@stavolalaw.com   P: 732-539-7244
*Counsel for Plaintiffs – Frederick K. Short Jr. and Tamatha Costello*

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK K. SHORT JR., TAMATHA COSTELLO<br><br>Plaintiffs,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION, 100 River View Plaza, PO Box 500, Trenton, NJ 08625-0500; ANGELICA ALLEN-MCMILLAN, Commissioner - New Jersey Department Of Education, acting in her official capacity, 100 River View Plaza, PO Box 500, Trenton, NJ 08625-0500; CHERRY HILL BOARD OF EDUCATION, 45 Ranoldo Terrace, Cherry Hill, NJ 08034; CHERRY HILL SCHOOL DISTRICT, 45 Ranoldo Terrace, Cherry Hill, NJ 08034-0391; CRANFORD PUBLIC SCHOOL DISTRICT, 132 Thomas St., Cranford, NJ 07016; CRANFORD BOARD OF EDUCATION, 132 Thomas St., Cranford, NJ 07016<br><br>Defendant(s). | Case No. 1:23-cv-21105-ESK-EAP<br><br>Judge Edward S. Kiel<br><br>Magistrate Judge Ann Marie Donio<br><br>**PLAINTIFFS' BRIEF IN OPPOSITION TO CRANFORD DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS MEMORANDUM OF LAW**<br><br>**Motion Return Day: August 5, 2024** |

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT .........................................................................................................3

    I.    STANDARD OF REVIEW ............................................................................3

    II.   PLAINTIFF COSTELLO SATISFIES STANDING .......................................4

    III.   PLAINTIFF COSTELLO STATES A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER THE 14TH AMENDMENT ..........................................6

CONCLUSION ....................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

Adar and Constructors v. Pena, 515 U.S. 200, 210 (1995).........................................5

Anspach v. City of Phila., Dep't of Pub. Health, 503 F.3d 256 (3d Cir. 2007) ........7

Crue v. Aiken, 370 F.3d 668 (7th Cir. 2004)...............................................................6

Horizon Healthcare Servs., Inc. v. Allied Nat. Inc., No. 03-4098, 2007 U.S. Dist.
    LEXIS 26352, 2007 WL 1101435, at 3 (D.N.J. Apr. 10, 2007) .............................4

Korkala v. Allpro Imaging, Inc., Civil Action No. 08-2712 (DMC), 2009 U.S. Dist.
    LEXIS 70727 (D.N.J. Aug. 10, 2009) ....................................................................4

Lippoldt v. Cole, 468 F.3d 1204 (10th Cir. 2006).......................................................6

Medina v. Allen, 2023 U.S. Dist. LEXIS 58623 (D. Utah Mar. 31, 2023)...............6

Nguon v. Wolf, 517 F. Supp. 2d 1177 (C.D. Cal. 2007) .............................................9

PETA v. Rasmussen, 298 F.3d 1198, 1202 n.2 (10th Cir. 2002)................................6

Sterling v. Borough of Minersville, 232 F.3d 190 (3d Cir. 2000).............................8

Tatel v. Mt. Lebanon Sch. Dist., 637 F. Supp. 3d 295, 316 (W.D. Pa. 2022)............9

Turbe v. Gov't of VI., 938 F.2d 427, 428 (3d Cir. 1991) ...........................................4

Wyatt v. Fletcher, 718 F.3d 496 (5th Cir. 2013).........................................................8

**Rules**

Fed. R. Civ. P. 12(c) ................................................................................................3

**Constitutional Provisions**

14th amendment ........................................................................................................1

## INTRODUCTION

Plaintiffs Short and Costello have suffered (and in the case of Short – continues to suffer) injuries to their fundamental, 14th amendment substantive due process rights to direct the medical decisions of their children, and the care, custody and control over same. Plaintiff Short's three children attend Cherry Hill Public Schools, at which, the Cherry Hill Board of Education ("BOE") adopted the New Jersey Department of Education's ("NJ DOE") guidance as their school policy. This is a policy which – as adumbrated in the Amended Complaint – requires schools to secrete students' gender identity statuses from their parents, absent a compelling a reason to disclose.

This is a policy which not only fails to inform or seek the consent of the parents for their children's gender identity changes, but it also (most importantly) usurps the parents' roles as decision makers of their children's health. This policy is far more egregious than a mere failure to advise parents of an inconsequential piece of information, rather, the policy pulls the critical conversation and medical decision of gender identity away from Plaintiff parents and into the ambit of schools, where it does not belong. Plaintiff Short's 14th amendment fundamental right to direct the health care decisions of his children has been contravened, and is violated on a continuing basis by a policy which unambiguously usurps his role and unconstitutionally supplants it with school officials.

1

Similarly, Cranford Board of Education ("BOE") adopted the same policy derived from the NJ DOE's guidance. In Plaintiff Costello's case, school officials, in particular, the school guidance counsel, assisted in clandestinely facilitating the gender identity change of Costello's child. This occurred to a child who was already in a relatively fragile state – information about which the school was cognizant. The school's affirmation of the child's new gender identity without involvement of Plaintiff Costello led to a notable decline in the child's mental status.

Plaintiff Costello contends this would not have occurred with her involvement. The school's surreptitious affirmation led to negative impacts in the child's life which then caused Plaintiff Costello to remove her child and place her in other schools. As such, Costello was compelled to pay tuition expense to other schools, which would not have occurred but for the infringement to Costello's 14th amendment, fundamental substantive due process rights to direct the medical decisions of her child. As such, Plaintiff Costello's constitutional rights were infringed, which led to damages, and a fortiori, her case demands a retrospective declaratory judgement on the constitutional impingement.

The rights in question in this case are properly characterized as fundamental rights – the parental right to direct the medical decisions of their children, and to control the care of their children. As adduced by expert evidence in a recent case precedent and here, the experts in the field confirm that gender identity changes are

psychotherapeutic interventions (i.e., experts such as Dr. Stephen Levine, whose Expert Declaration is found at ECF 5, and Dr. Erica E. Anderson, PhD, ECF 1-8 Exhibit C). In view of this, the apposite review is one of strict scrutiny, which demands a narrowly tailored, compelling interest. Cranford cannot demonstrate a compelling interest, and even if they could, such interest is not narrowly tailored.

Plaintiffs respectfully request that Cranford BOE's Motion for Judgement on the Pleadings be denied in its entirety.

## ARGUMENT

### I.  STANDARD OF REVIEW

Subsequent to this Court's administrative termination of Cranford and Cherry Hill Defendants' Motions to Dismiss, both Defendants endeavored to file Motions for Judgement on the Pleadings against Plaintiffs' First Amended Complaint, thereupon sanctioned by the Court at the June 17, 2024 Motion Hearing. As such, Cranford Defendant's motion is properly construed as a Federal Rule of Civil Procedure 12(c) Motion for Judgement on the Pleadings. Such a motion is filed, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The pleadings are 'closed' after the complaint and answer are filed, along with any reply to additional claims asserted in the answer." Horizon Healthcare Servs., Inc. v. Allied Nat. Inc.,

3

No. 03-4098, 2007 U.S. Dist. LEXIS 26352, 2007 WL 1101435, at 3 (D.N.J. Apr. 10, 2007). When assessing a motion for judgment on the pleadings, courts employ the same standards as when reviewing a motion to dismiss under Rule (12)(b)(6). Turbe v. Gov't of VI., 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted).

## II. PLAINTIFF COSTELLO SATISFIES STANDING

First, Defendant Cranford BOE cites to Korkala v. Allpro Imaging, Inc., Civil Action No. 08-2712 (DMC), 2009 U.S. Dist. LEXIS 70727 (D.N.J. Aug. 10, 2009) in support of its standing argument, but such argument is unavailing as the facts of that case are highly distinguishable from the instant case. The Court in Korkala held that the plaintiff did not satisfy standing, principally, because he failed to suffer an injury-in-fact and the injuries in question did not belong to him personally. "The court found that the corporate plaintiff, not Mr. Korkala, were the parties who were allegedly injured from being prevented from competing in the relevant marketplace." ECF 76 at 13.

Those facts are completely inapposite to the instant situation. Indeed, Plaintiff Costello did suffer an injury-in-fact for which she was personally affected. Plaintiff Costello and her child were both the subjects of the Cranford BOE policy – a mandatory policy. This unconstitutional policy was the provenance of Costello's

injury-in-fact: her 14th amendment substantive due process right to direct the medical care, custody and control of her child was impinged upon. The empirical result of this policy was that her child's gender identity status changed through the school's clandestine facilitation and affirmation – without Costello's knowledge or consent. What eventuated was a diminution in the mental status of an already susceptible and impressionable child. This is thus the archetypal situation of injury-in-fact. Plaintiff Costello's 14th amendment rights were contravened. Both Plaintiff Costello and her child's lives were negatively impacted in a very real way.

Moreover, as explicated in Plaintiff's Opposition to State Defendant's Motion to Dismiss Section I, B, (ECF 46) Plaintiff Costello satisfies standing for a declaratory judgement. Injunctive relief is not sought; rather, a declaratory judgement that Costello's constitutional rights were violated is requested. And because Costello's request for declaratory relief is closely intertwined with a claim for monetary damages, a declaration on whether a past constitutional violation occurred is warranted.

The U.S. Supreme Court in Adar and Constructors v. Pena, 515 U.S. 200, 210 (1995) underscored that "the fact of past injury presumably affords the plaintiff standing to claim damages," and as such, Costello attains standing by virtue of damages incurred which resulted from Cranford's conduct. Moreover, and additionally, numerous courts have held that retrospective declaratory relief can be

5

afforded in certain contexts. "[P]laintiffs have standing to seek retrospective declaratory relief because it would remedy a past harm." Medina v. Allen, 2023 U.S. Dist. LEXIS 58623 (D. Utah Mar. 31, 2023). Damages that are intertwined with constitutional infringements can warrant retrospective declaratory judgements. Such damage awards can be related to or predicated upon judicial determination that constitutional rights were contravened. "When a claim for injunctive relief is barred but a claim for damages remains, a declaratory judgment as a predicate to a damages award can survive." Crue v. Aiken, 370 F.3d 668 (7th Cir. 2004); see also, Lippoldt v. Cole, 468 F.3d 1204 (10th Cir. 2006) (citing PETA v. Rasmussen, 298 F.3d 1198, 1202 n.2 (10th Cir. 2002)), finding that declaratory relief is treated as retrospective "to the extent that it is intertwined with a claim for monetary damages that requires us to declare whether a past constitutional violation occurred."

Therefore, Plaintiff Costello satisfies standing for past damages as well as retrospective declaratory relief.

### III. PLAINTIFF COSTELLO STATES A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER THE 14TH AMENDMENT

Plaintiffs incorporate by reference all of Section II of Plaintiffs' Opposition to State Defendants' Motion to Dismiss (ECF 46). In addition, Plaintiffs make the following points.

6

Defendant Cranford BOE – like the State - cites to <u>Anspach v. City of Phila., Dep't of Pub. Health</u>, 503 F.3d 256 (3d Cir. 2007); however, that case is distinguishable from the instant situation. The following extracts from <u>Anspach</u> are followed by explanations as to why that case is inapposite in the instant fact pattern.

- "The Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children. However, the right is neither absolute nor unqualified. Courts have recognized the parental liberty interest only where the behavior of the state actor compelled interference in the parent-child relationship." <u>Anspach v. City of Philadelphia</u>, 503 F.3d 256, 262 (3d Cir. 2007).

Here, **there is indeed compelled interference** in the parent-child relationship. Cranford's policy is *mandatory*. The policy pulled the question of gender identity away from Costello and into the ambit of the school atmosphere. It is a mandatory policy which both Costello and her child were subject to. The policy did not offer, rather, it required (and still does require) schools to keep confidential gender identity alterations absent a compelling reason to disclose. This mandatory policy of secrecy violated Costello's 14th amendment right to direct the medical care

7

of her child on a continual basis, and it eventuated in empirical harm to her child, necessitating removal from Cranford schools.

- "The United States Court of Appeals for the Sixth Circuit has held that, as with adults, a minor's right of privacy includes the right to obtain contraceptives." Id. at 263.

Here, it should be noted, while various courts have established that students possess privacy rights in certain contexts, such as obtaining contraceptives, **it is not settled law that students maintain a right to privacy (in relation to their parents) regarding sexual orientation or gender identity.**[1] Anspach only held that a student right to privacy exists **in relation to contraceptives**.

A Fifth Circuit Court found that [this Circuit] "has never held that a person has a constitutionally-protected privacy interest in her sexual orientation, and it certainly has never suggested that such a privacy interest precludes school authorities from discussing with parents matters that relate to the interests of their children." Wyatt v. Fletcher, 718 F.3d 496 (5th Cir. 2013). And the Third Circuit

---

[1] Note that Sterling v. Borough of Minersville, 232 F.3d 190 (3d Cir. 2000) found that an 18-year-old had a right to non-disclosure of his sexual orientation, but this case involved a non-minor, and in a non-school context (18-year-old and partner arrested due to suspicion of underage drinking). As such, this is distinguishable from the case at bar.

8

notes, "The United States Court of Appeals for the Third Circuit has recognized, in the public-school setting, the primacy of parental rights in the upbringing of their children. It is not educators, but parents who have primary rights in the upbringing of children. School officials have only a secondary responsibility and must respect those rights." Tatel v. Mt. Lebanon Sch. Dist., 637 F. Supp. 3d 295, 316 (W.D. Pa. 2022). A California case addressing an issue related to sexual orientation and privacy rights held (in the context of inappropriate displays of public affection between two girls), "Because defendant principal had a legitimate governmental purpose in describing the context of the suspension, there was no violation of the student's First Amendment or California Constitution privacy rights when he disclosed to the mother the student had been kissing another girl." Nguon v. Wolf, 517 F. Supp. 2d 1177 (C.D. Cal. 2007).

Accordingly, it cannot be unequivocally averred that students possess privacy rights in the precise context of the instant case, namely, minors' sexual orientation or general identity in the school-parent context. Even if one were to operate under the presumption that student privacy rights do exist in the gender identity context in relation to parents, when collisions between school policy and parental authority occur, "the primacy of the parents' authority must be recognized and should yield only where the school's action is tied to a compelling interest" – which here, no such

interest exists to obstruct parental involvement in an immanently medical matter. Tatel, 637 F. Supp. at 302.

As a further differentiation from Anspach, the situation therein involved contraceptives, while the fact pattern here pertains to gender identity. The latter involves human psychology much more significantly, to wit, changing one's gender identity is a psychotherapeutic intervention, warranting parental involvement, as noted by Dr. Stephen Levine. Expert Decl. p. 10-11 (ECF 5).

Unlike Anspach, Plaintiff Costello is not asking the Government or school "to assist the holder of a constitutional right in the exercise of [Costello's] . . . right." Anspach, 503 F.3d at 267.

Moreover, Cranford BOE's brief at page 21 misconceives the Cranford policy and the situation at bar. The Cranford policy *does* interfere with the parent-child relationship because it pulls the critical conversation of gender identity away from parents and into the ambit of schools. While the child himself/herself is not "forced" to do anything, the policy requires schools to conceal gender identity changes[2] and

---

[2] At the Motion Hearing, ECF 80, there was colloquy regarding the phraseology "no affirmative duty." Plaintiffs contended (p. 28-29, ECF 80) that "no affirmative duty" to disclose is the functional equivalent of concealing. Further evidence of that can be found in the NJ guidance itself. In one part of the guidance, the term, *"There is no affirmative duty for any school district personnel to notify a student's parent or guardian of the student's gender identity or expression"* is used. And in another portion of the guidance, the phrase "keep confidential" is used. *"A school district*

10

conversations from parents (absent rare exceptions), which is the fulcrum of the fundamental constitutional abridgement. The fact that the child was still free to communicate to Costello also misses the point. The school encouraged, facilitated and affirmed the gender identity change of Costello's child, as a direct outgrowth of this unconstitutional policy. In Costello's case, that empirical gender identity shift did occur in her child, as a direct result of Cranford's unconstitutional policy of secrecy.

Finally, as explained in Plaintiffs' Opposition to State Defendants' Motion to Dismiss (ECF 46), there is no compelling state interest to obviate parents from directing their children's medical decisions, and even if there were, the policy (as here, Cranford's) is not narrowly tailored.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Cranford BOE's Motion for Judgement on the Pleadings in its entirety.

---

*shall keep confidential a current, new, or prospective student's transgender status."* When applying canons of construction such as harmonious reading and/or whole-text canons, terms should be interpreted in a way that renders them compatible, not contradictory. It follows that the import of the NJ guidance is clearly to conceal said information from parents absent a compelling reason.

Dated: July 12, 2024

Respectfully submitted,

*/s/ Thomas Stavola, Jr.*

Thomas Stavola, Jr., Esq.
NJ Bar ID number: 380012022
Law Office of Thomas Stavola, Jr., LLC
209 County Road 537
Colts Neck, NJ 07722
E: tstavolajr@stavolalaw.com
P: 732-539-7244
*Counsel for Plaintiffs - Frederick K. Short Jr. and Tamatha Costello*