Thomas Stavola, Jr., Esq.; NJ Bar ID number: 380012022
Law Office of Thomas Stavola Jr. LLC
209 County Road 537, Colts Neck, NJ 07722
E: tstavolajr@stavolalaw.com   P: 732-539-7244
*Counsel for Plaintiffs – Frederick K. Short Jr. and Tamatha Costello*

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK K. SHORT JR., TAMATHA COSTELLO<br><br>Plaintiffs,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION, 100 River View Plaza, PO Box 500, Trenton, NJ 08625-0500; ANGELICA ALLEN-MCMILLAN, Commissioner - New Jersey Department Of Education, acting in her official capacity, 100 River View Plaza, PO Box 500, Trenton, NJ 08625-0500; CHERRY HILL BOARD OF EDUCATION, 45 Ranoldo Terrace, Cherry Hill, NJ 08034; CHERRY HILL SCHOOL DISTRICT, 45 Ranoldo Terrace, Cherry Hill, NJ 08034-0391; CRANFORD PUBLIC SCHOOL DISTRICT, 132 Thomas St., Cranford, NJ 07016; CRANFORD BOARD OF EDUCATION, 132 Thomas St., Cranford, NJ 07016<br><br>Defendant(s). | Case No. 1:23-cv-21105-ESK-EAP<br><br>Judge Edward S. Kiel<br><br>Magistrate Judge Ann Marie Donio<br><br>**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT CHERRY HILL BOARD OF EDUCATION'S MOTION FOR JUDGEMENT ON THE PLEADINGS MEMORANDUM OF LAW**<br><br>Motion Return Day: August 5, 2024 |

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

ARGUMENT ..........................................................................................................2

   I.   STANDARD OF REVIEW ........................................................................2

   II.  PLAINTIFF SHORT SATISFIES STANDING ................................................3

CONCLUSION .......................................................................................................8

## TABLE OF AUTHORITIES

**Cases**

Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) ........................................6

FDA v. Alliance for Hippocratic Medicine, 602 U.S. 367 (2024) ............................7

Horizon Healthcare Servs., Inc. v. Allied Nat. Inc., No. 03-4098, 2007 U.S. Dist. LEXIS 26352, 2007 WL 1101435, at 3 (D.N.J. Apr. 10, 2007) ............................2

John & Jane Parents 1 v. Montgomery Cnty. Bd. of Ed., 622 F.Supp.3d 118, 130 (D. Md. 2022) .........................................................................................................3

Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1, 551 U.S. 701 (2007) ....4

Turbe v. Gov't of VI., 938 F.2d 427, 428 (3d Cir. 1991) ...........................................3

**Rules**

Fed. R. Civ. P. 12(c) ..................................................................................................2

**Constitutional Provisions**

14th amendment ........................................................................................................1

# INTRODUCTION

Plaintiffs Short and Costello have suffered (and in the case of Short – continues to suffer) injuries to their fundamental, 14th amendment substantive due process rights to direct the medical decisions of their children, and the care, custody and control over same. Plaintiff Short's three children attend Cherry Hill Public Schools, at which, the Cherry Hill Board of Education ("BOE") adopted the New Jersey Department of Education's ("NJ DOE") guidance as their school policy. This is a policy which – as adumbrated in the Amended Complaint – requires schools to secrete students' gender identity statuses from their parents, absent a compelling a reason to disclose.

This is a policy which not only fails to inform or seek the consent of the parents for their children's gender identity changes, but it also (most importantly) usurps the parents' roles as decision makers of their children's health. This policy is far more egregious than a mere failure to advise parents of an inconsequential piece of information, rather, the policy pulls the critical conversation and medical decision of gender identity away from Plaintiff parents and into the ambit of schools, where it does not belong. Plaintiff Short's 14th amendment fundamental right to direct the health care decisions of his children has been contravened, and is violated on a

1

continuing basis by a policy which unambiguously usurps his parental role and unconstitutionally supplants it with school officials.

Plaintiffs respectfully request that Cherry Hill BOE's Motion for Judgement on the Pleadings be denied in its entirety.

## ARGUMENT

### I. STANDARD OF REVIEW

Subsequent to this Court's administrative termination of Cranford and Cherry Hill Defendants' Motions to Dismiss, both Defendants endeavored to file Motions for Judgement on the Pleadings against Plaintiffs' First Amended Complaint, thereupon sanctioned by the Court at the June 17, 2024 Motion Hearing. As such, Cherry Hill Defendant's motion is properly construed as a Federal Rule of Civil Procedure 12(c) Motion for Judgement on the Pleadings. Such a motion is filed, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The pleadings are 'closed' after the complaint and answer are filed, along with any reply to additional claims asserted in the answer." Horizon Healthcare Servs., Inc. v. Allied Nat. Inc., No. 03-4098, 2007 U.S. Dist. LEXIS 26352, 2007 WL 1101435, at 3 (D.N.J. Apr. 10, 2007). When assessing a motion for judgment on the pleadings, courts employ

2

the same standards as when reviewing a motion to dismiss under Rule (12)(b)(6). Turbe v. Gov't of VI., 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted).

## II.   PLAINTIFF SHORT SATISFIES STANDING

Plaintiffs incorporate by reference Section I and Subsection A of Section I of Plaintiffs' Opposition to State Defendants' Motion to Dismiss. Those arguments respond directly to Defendant Cherry Hill BOE's allegations of lack of standing.

Defendant Cherry Hill BOE cites to *John & Jane Parents 1 v. Montgomery Cnty. Bd. of Ed.*, 622 F.Supp.3d 118, 130 (D. Md. 2022) to support its contention that Plaintiff Short's allegations are conjectural, speculative, and hypothetical. As discussed in Plaintiffs' Brief in Opposition to State Defendant's Motion to Dismiss, both the State and Cherry Hill BOE misapprehend Plaintiff's argument by mischaracterizing Plaintiff Short's allegations. Plaintiff Short's allegations are not restricted to infringement of the right to be informed/notified of his children's behavior. Short's allegations include that, but extend – importantly – to the fact that the imposed Cherry Hill BOE policy amounts to a usurpation of Short's parental role in directing the medical care of his children. Critically, the Plaintiffs in *John & Jane Parents 1* never characterized their allegations as an impingement on the parental right (and by extension – role) to direct the medical decisions of their children. Furthermore, the plaintiffs in *John & Jane Parents 1* did not characterize their

allegations as being compelled to participate in an unconstitutional system, as Plaintiff Short does here.

By characterizing Plaintiff Short's allegations as a potential future injury, i.e., the point at which Short learns of his children altering (or previously altered) their gender identities, Defendant Cherry Hill BOE misconstrues the most integral component of Plaintiffs' argument. As delineated in Section I and subsection A of Plaintiffs' Opposition to State Defendant's Motion to Dismiss (ECF 46), Plaintiff Short's injury is an ongoing, constitutional injury, by way of compelled participation in a mandatory, unconstitutional policy. The situation at bar is highly analogous to that described in *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701 (2007). Quoting directly from Plaintiffs' Opposition Brief to the State Defendant's Motion to Dismiss (ECF 46), pages 9-10:

> Moreover, the Supreme Court in *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701 (2007) adjudged that standing existed in a situation quite congruous with the instant case. In that case:
>
> "Both school districts adopted plans whereby, after place of residence and availability of space were considered, school assignments were made on the basis of race to

ensure that schools were racially balanced. The U.S. Supreme Court first held that the cases were not moot, **even though the plans were not currently being applied** to children of the association's members or the student, **since it was not absolutely clear that application of the racial guidelines could not reasonably be expected to recur** [emphasis added]." Id.

The school districts therein averred that the parents would only be impacted "if their children seek to enroll in a high school that is oversubscribed and integration positive." Id. at 718. But the Court found that argument unavailing, "The fact that those children may not be denied such admission based on their race because of undersubscription or oversubscription that benefits them does not eliminate the injury claimed." Id. at 718-19. The Court continued by underscoring that it was a type of constitutional injury to be "forced to compete in a race-based system that may prejudice the plaintiff." Id. at 719. As such, Article III standing can be attained even if the

5

constitutional harm has not yet translated into empirical harm.

The scenario in *Parents Involved* is thus highly consonant with the case at bar. Like therein, Plaintiff Short is subject to, and forced to participate in a system that excludes and removes him from the gender identity conversation; it obviates his ability to direct the medical/health care decisions of his children. This compelled participation in the Cherry Hill policy, derived from the NJ guidance, imparts continual, ongoing constitutional injury to Plaintiff Short.  Simply because the mandatory policy has not yet empirically prejudiced Short, does not mean standing is absent ("**may** prejudice the plaintiff [emphasis added]"). Id. at 719.   Plaintiffs' Opposition to State Defendants' Motion to Dismiss, p. 9-10 (ECF 46).

Moreover, Cherry Hill BOE cites to Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) in attempt to buttress the proposition that Plaintiff Short's putative injury is merely a speculative future injury. That is counterfactual; however, as already noted, the Cherry Hill transgender policy usurps Short's role in governing his children's medical decisions on an **active and ongoing basis**. Not only is the

policy mandatory and ongoing, but it continually encourages and invites students to have confidential conversations about their gender identity with schools, without the **knowledge, consent, or participation of their parents or guardians**. This amounts to a dynamic, ongoing conversation between schools and students, and so, it is very much a present, rather than future, speculative injury.

Cherry Hill also cites <u>FDA v. Alliance for Hippocratic Medicine</u>, 602 U.S. 367 (2024) in support of their contention that Plaintiff Short is a mere bystander and does not have a personal stake. However, it is incontrovertible that parents maintain a fundamental right to the case, custody, and control (including health care) over their children;[1] as such, Short's case is an archetypal example of personal stake.

As such, Cherry Hill BOE's assertions regarding standing are irreconcilable with the existing jurisprudence discussed supra and in Plaintiff's incorporated portions of its brief opposing State Defendant's Motion to Dismiss. Plaintiff Short satisfies Article III standing requirements.

---

[1] ECF 46, Section II of Plaintiffs' Opposition Brief to the State Defendant's Motion to Dismiss.

## CONCLUSION

In view of the aforesaid reasons, Plaintiffs respectfully request that the Court deny Defendant Cherry Hill BOE's Motion for Judgement on the Pleadings in its entirety.

Dated: July 12, 2024
Respectfully submitted,

*/s/ Thomas Stavola, Jr.*
Thomas Stavola, Jr., Esq.
NJ Bar ID number: 380012022
Law Office of Thomas Stavola, Jr., LLC
209 County Road 537
Colts Neck, NJ 07722
E: tstavolajr@stavolalaw.com
P: 732-539-7244
*Counsel for Plaintiffs - Frederick K. Short Jr. and Tamatha Costello*